UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-11931-GAO

BARRY W. CHAPIN,
Appellant,

v.

HAROLD MURPHY, ESQ., as he is Chapter 7 Bankruptcy Trustee,
Appellee.

ORDER
November 25, 2020

O'TOOLE, S.D.J.

After review of the parties' written submissions and oral argument on the matter, the Debtor Barry W. Chapin's Emergency Motion for Stay Pending Appeal (dkt. no. 4) is DENIED. The Debtor has failed to demonstrate grounds for a stay pending appeal of the sale order issued by the Bankruptcy Court. See In re Elias, 182 F. App'x 3, at *1 (1st Cir. 2006) (per curiam).

Most significantly, the Debtor has not demonstrated a likelihood of success on the merits of his appeal. As the bankruptcy court determined, it appears that the Trustee is exercising sound business judgment and that the sale of the subject property is in the best interests of the creditors of the bankruptcy estate. In addition to the benefit of the secured creditors, the record suggests that there is a potential for unsecured creditors to benefit from the sale as well. The Debtor seems to argue that the Trustee in this Chapter 7 case should administer the estate in way that maximizes benefit to the Debtor, but he ignores both (i) the Trustee's obligation to enhance the value of the estate and (ii) the several mortgages and tax liens to which his homestead is subordinate.

Similarly, other factors also do not favor the Debtor. First, the Debtor will not suffer irreparable harm if a stay is not granted. It does not appear that the Debtor has any realistic

likelihood of retaining the property as he reportedly has no income and no ability to service the secured debt or to satisfy other existing liens. Additionally, an issuance of the requested stay will operate to reduce proceeds available to the estate because of increased interest and additional costs of foreclosure that would result from the delay. Finally, the public interest would not be significantly affected by either the issuance or the denial of the stay.

For essentially the same reasons, the Debtor's Motion for Certification to First Circuit (dkt. no. 5) is also DENIED.

It is SO ORDERED.

 /s/ George A. O'Toole, Jr.
Senior United States District Judge